HAWKINS, PRATA & DALEY LLP
Roger E. Hawkins (State Bar No. 45315)
Todd A. Daley (State Bar No. 168742)
707 Wilshire Boulevard
Suite 1825
Los Angeles, California 90017
Telephone: (213) 622-5600
Facsimile: (213) 622-5623

Attorneys for Plaintiffs RICHARD BARTLETT
and MARLENE BARTLETT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BARTLETT and MARLENE BARTLETT,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS K. SMITH MARINE INSURANCE SERVICES, INC.; THE GREAT LAKES REINSURANCE COMPANY, and DOES 1 through 30,<br><br>Defendants. | Case No.: 08 CV 0377 JAH CAB<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1441(b); DECLARATION OF TODD A. DALEY<br><br>[Oral Argument Not Required]<br><br>DATE: April 21, 2008<br>TIME: 2:30 p.m.<br>CTRM: 11 |

///
///
///
///
///
///
///
///

1

08 CV 0377 JAH CAB

## MEMORANDUM OF POINTS AND AUTHORITIES

I. INTRODUCTION

This insurance contract dispute involves the shipwreck and constructive total loss of the *S/V STARLET*, a 2003 model 47' Catalina fiberglass sloop owned and operated by plaintiffs Richard and Marlene Bartlett (collectively the "Bartletts"), who reside in Arizona. On November 20, 2007, the Bartletts were en route to Guanaja, an island off the coast of Honduras, when they encountered heavy seas and stormy conditions that threatened the life of the Bartletts and the crew of the *S/V STARLET*. The Bartletts broadcast a radio distress call, which was answered by the U.S. Coast Guard, who thereafter ordered the freighter, *M/T STOLT TAURUS*, to divert its course and rescue the Bartletts and the crew of the *S/V STARLET*.

Once the *M/T STOLT TAURUS* responded, and while in the lee of the freighter, the Bartletts, assisted by members of the crew of the *M/T STOLT TAURUS*, deployed the *S/V STARLET'S* anchor in approximately 90-feet of saltwater. Having secured the *S/V STARLET* as best they could under adverse sea and weather conditions, the Bartletts disembarked the *S/V STARLET* onto the *M/T STOLT TAURUS*. Due to unrelenting storm conditions, the *M/T STOLT TAURUS* was unable to dock for several days, following which it was determined that the *S/V STARLET* had broken free of her anchor and shipwrecked on the coast of Honduras. Thereafter, the *S/V STARLET* was declared a constructive total loss.

At all time relevant to this dispute, the *S/V/ STARLET* was insured under a marine hull policy placed by local forum defendant, Douglas K. Smith Marine Insurance Services, Inc. ("Smith Marine") in San Diego, California, and issued by The Great Lakes Reinsurance Company (UK) PLC (hereinafter "Great Lakes") under Policy No. 200/658/72833.

Despite the grounding and total loss of the *S/V STARLET* occurring within the navigational limits set forth in the Great Lakes policy, and despite plaintiffs specifically requesting that forum defendant Smith Marine provide them with adequate coverage for the subject voyage, Great Lakes has failed and refused to pay for the loss of their vessel, estimated to be in excess of $332,000.

///

With respect to the instant motion, defendant Great Lakes filed its Notice of Removal to federal court on February 28, 2008, on the grounds of diversity jurisdiction. <u>However, at the time of this removal filing, local forum defendant Douglas K. Smith Marine Insurance Services had already been served in the State court action.</u>  As a result, the removal by Great Lakes was improper as violative of the forum defendant rule under 28 U.S.C. § 1441(b).

II. <u>PLAINTIFFS HAVE TIMELY FILED THEIR MOTION TO REMAND WITHIN THIRTY (30) DAYS FROM THE FILING OF THE NOTICE OF REMOVAL, AS REQUIRED BY 28 U.S.C. § 1447(c)</u>

The provisions of 28 U.S.C. § 1447(c) provide in pertinent part:

> § 1447.  Procedure after removal generally
>
> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

Here, defendant Great Lakes filed its Notice of Removal on February 28, 2008. Judicial Notice of Great Lakes Notice of Removal filing date under Fed.R.Evid. 201(b)(2). Plaintiffs thereafter timely filed the instant motion to remand within the required thirty (30) day period in compliance with both 28 U.S.C. § 1447(c) and § 1441(b).

///
///
///
///

3

1  III.  DEFENDANT GREAT LAKES VIOLATED THE "FORUM DEFENDANT RULE"
2       BY REMOVING THE MATTER AFTER SERVICE OF THE LOCAL DEFENDANT

The "no local defendant" rule, also known as the forum defendant rule, is set forth in 28 U.S.C. § 1441(b).[1] The rule acts as a limit on federal diversity jurisdiction and provides that removal is improper where "any party in interest properly joined and served as a defendant is a citizen of the state in which the action is brought." *Lincoln Prop. Co. v. Roche*, 456 U.S. 81, 89-90, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005). Thus, where there is complete diversity between the parties, but a defendant already has the "home field advantage" in state court, removal is inappropriate. In such cases, the plaintiff has 30 days to file a motion to remand. *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939-942 (9th Cir. 2006). Stated another way, "[s]eparate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) <u>confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state</u>." *Lively, supra,* 456 F.3d at 939; underlining added.

Additionally, "[r]emoval [by a nonresident defendant] will be improper if the *local defendant is served before removal* (even if after service on the nonresident)." Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2007) ¶ 2:640, p. 2D-24.1, italics in original. It is likewise worth noting that "[w]hen fewer than all defendants have joined the notice of removal, the *burden is on the removing defendants to explain* the absence of the other defendants." *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999); Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2007) ¶ 2:974, p. 2D-185, italics in original.

Here, local forum defendant Douglas K. Smith Marine Insurance Services, Inc. was personally served with plaintiffs' complaint on **February 12, 2008**. See plaintiffs' Proof of Personal Service upon Smith Marine, attached hereto as Exhibit A. Consequently, defendant

---

[1] "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.</u>"

4

1  Great Lakes cannot claim ignorance of service upon this local forum defendant given it has the
2  burden of establishing the absence of the other named defendants as part and parcel of its
3  removal papers -- and given that Smith Marine had been served two (2) weeks prior to the filing
4  of Great Lakes' removal papers. *See, Prize Frize, supra,* 167 F.3d at 1266.

5        Defendant Great Lakes had the burden of (a) obtaining the consent of all
6  defendants prior to filing its removal papers under the "rule of unanimity," and (b) had the
7  burden of ensuring that its removal would not run afoul of the no-local-defendant rule. (See, 28
8  U.S.C. § 1446(a) and § 1441(b)). Great Lakes failed in both respects -- first by filing its
9  removal papers *after* service had already been effected on local forum defendant Douglas K.
10 Smith Marine Insurance Services and, second, by failing to realize that despite diversity
11 between plaintiffs and Great Lakes, diversity jurisdiction would still be insufficient for removal
12 given that Smith Marine was a local forum defendant subject to the protection of § 1441(b).

13       Finally, it is well settled that "removal statutes are construed *restrictively*, so as
14 to limit removal jurisdiction. Doubts as to removability are resolved in favor of remanding the
15 case to the state court." Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro.*
16 *Before Trial* (The Rutter Group 2007) ¶ 2:606, p. 2D-9, 2D-10, citing *Shamrock Oil & Gas*
17 *Corp. v. Sheets,* 313 U.S. 100, 108-109, 61 S.Ct. 868, 872 (1941) and *Gaus v. Miles, Inc.,* 980
18 F.2d 564, 566 (9th Cir. 1992). Accordingly, good cause exists for the Court to grant plaintiffs'
19 motion and remand this matter back to State Court.

21 IV.  CONCLUSION
22       For the foregoing reasons, plaintiffs respectfully request that the Court grant their
23 motion to remand in its entirety.
24 DATED: March 4, 2008

25           HAWKINS, PRATA & DALEY LLP

27       By  _____
              Todd A. Daley
28           Attorneys for Plaintiffs, RICHARD BARTLETT
          and MARLENE BARTLETT

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600 FAX: (213) 622-5623

DECLARATION OF TODD A. DALEY

I, Todd A. Daley, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, am admitted to practice in the United States District Court for the Southern District of California, and a partner in the law firm of Hawkins, Prata & Daley LLP, counsel of record for plaintiffs, Richard and Marlene Bartlett, in this case. I have personal knowledge as to the matters set forth herein and, if called as a witness, could and would competently testify thereto.

2. Attached hereto as Exhibit "A" is a true and correct copy of plaintiffs' Proof of Service (Summons & Complaint), reflecting that forum defendant, Douglas K. Smith Marine Insurance Services, Inc. ("Smith Marine"), was personally served with plaintiffs' Complaint in this matter on February 12, 2008 at 2:30 p.m. in San Diego, California.

3. I request that the Court take Judicial Notice that defendant Great Lakes Reinsurance (UK) PLC filed its Notice of Removal on February 28, 2008, pursuant to Fed.R.Evid. 201(b)(2).

I declare under penalty of perjury under the laws of the United States and of the State of California that the foregoing is true and correct.

Executed this 4th day of March, 2008, at Los Angeles, California.

Todd A. Daley

## EXHIBITS: TABLE OF CONTENTS

Exhibit "A"  (Proof of Service Upon Douglas K. Smith Marine) . . . . . . . . . . . . . . . . . . . . . 8

# EXHIBIT "A"

| Attorney or Party without Attorney: | For Court Use Only |
|---|---|
| ROGER E. HAWKINS, Bar #45315<br>HAWKINS, PRATA & DALEY LLP<br>707 WILSHIRE BOULEVARD<br>SUITE 1825<br>LOS ANGELES, CA 90017<br>Telephone No: 213-662-5600   FAX No: 213-662-5623 | FILED<br>CIVIL BUSINESS OFFICE 18<br>CENTRAL DIVISION<br><br>08 FEB 19 AM 11:30   FEB 19 '08 AM 9:43<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| Ref. No. or File No.: | |
| Attorney for: Plaintiff | |
| Insert name of Court, and Judicial District and Branch Court:<br>SAN DIEGO COUNTY SUPERIOR COURT - CENTRAL COURT | |
| Plaintiff: RICHARD BARTLETT, ET AL. | |
| Defendant: DOUGLAS K. SMITH MARINE INSURANCE SERVICES, INC., ET AL. | |

| PROOF OF SERVICE<br>SUMMONS & COMPLAINT | Hearing Date: | Time: | Dept/Div: | Case Number:<br>37-2007-00082030-CU-IC-CTL |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the SUMMONS; COMPLAINT; CIVIL CASE COVER SHEET; NOTICE OF CASE ASSIGNMENT ; NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE .

3. a. Party served:           DOUGLAS K. SMITH MARINE INSURANCE SERVICES, INC.
   b. Person served:          BETH CHAVET, PRESIDENT. AGENT AUTHORIZED TO ACCEPT SERVICE.

4. Address where the party was served:   1110 SCOTT STREET
                                         SAN DIEGO, CA 92106

5. I served the party:
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Tue., Feb. 12, 2008 (2) at: 2:30PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
   on behalf of: DOUGLAS K. SMITH MARINE INSURANCE SERVICES, INC.
   Under CCP 416.10 (corporation)

7. **Person Who Served Papers:**                   Recoverable Cost Per CCP 1033.5(a)(4)(B)
   a. JONAS WILLIAMS                              d. *The Fee for Service was:*
                                                  e. I am: (3) registered California process server
   First Legal Support Services                       (i)   Independent Contractor
   ATTORNEY SERVICES                                  (ii)  Registration No.:   4005
   1111 6TH AVENUE, SUITE 204                         (iii) County:             San Diego
   San Diego, CA 92101
   (619) 231-9111, FAX (619) 231-1361

8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: Fri, Feb. 15, 2008

Judicial Council Form POS-010          PROOF OF SERVICE                (JONAS WILLIAMS)
Rule 982.9.(a)&(b) Rev January 1, 2007  SUMMONS & COMPLAINT            4017753.roghaw.113291

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1441(b); DECLARATION OF TODD A. DALEY** has been served upon counsel of record on March 4, 2008 as follows:

Russell P. Brown, Esq.
Geroge P. Soares, Esq.
Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, California 92101
(619) 696-6700
FAX: (619) 696-7124

Attorneys for Defendant
GREAT LAKES REINSURANCE (UK) PLC

Via:
____ Mail
____ Hand Delivery
____ Facsimile
_X_ Court's ECF System
____ E-Mail

_____
Todd A. Daley

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

08 CV 0377 JAH CAB