RUSSELL P. BROWN (SBN: 84505)
GEORGE P. SOARES (SBN: 213996)
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124

Attorneys For Defendant
GREAT LAKES REINSURANCE (UK) PLC
erroneously sued as THE GREAT LAKES
REINSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BARTLETT and MARLENE BARTLETT,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUGLAS K. SMITH MARINE INSURNCE SERVICES, INC.; THE GREAT LAKES REINSURNCE COMPANY, and DOES 1 through 30,<br><br>Defendants. | CASE NO. 08 CV 0377 JAH CAB<br><br>**DEFENDANT GREAT LAKES REINSURANCE (UK) PLC'S OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**<br><br>Date:  April 21, 2008<br>Time:  2:30 p.m.<br>Dept:  11<br><br>[Oral Argument Requested] |

## I.   INTRODUCTION

Plaintiffs, Richard and Marlene Bartlett ("Plaintiffs") filed their original complaint in state court on November 16, 2007. California Rules of Court, Rule 3.110 ("Rule 3.110") and San Diego Superior Court Local Rule 2.1.5 ("Rule 2.1.5") both provide that service must be made within sixty (60) days of the filing of the complaint. Therefore, pursuant to Rule 3.110 and Rule 2.1.5, Plaintiffs had until January 15, 2008 to serve the complaint, or to request an extension from the court.

///

Plaintiffs did not serve the complaint within the requisite time. Moreover, Plaintiffs failed to request an extension from the Court. Accordingly, on February 28, 2008, Great Lakes Reinsurance (UK) PLC (incorrectly sued as Great Lakes Reinsurance Company) ("Underwriters") properly removed this action to federal court on the basis of diversity jurisdiction.[1]

Plaintiffs contend that diversity jurisdiction is improper. Specifically, Plaintiffs contend that because Douglas K. Smith Marine Insurance Services, Inc. ("DSM") is a California citizen the "no local defendant rule" applies. In support of this argument, Plaintiffs argue that DSM was served on February 12, 2008. However, proper service was not effectuated on DSM. As discussed above, Rule 3.110 and Rule 2.1.5 required that Plaintiffs serve DSM prior to January 15, 2008. In the alternative, Plaintiffs could have requested an extension from the State Court. Plaintiffs did neither. Instead, on February 12, 2008, Plaintiffs belatedly attempted to serve the complaint on DSM– without Court approval. Therefore, service on DSM was not proper and the "no local defendant rule" does not apply.

Similarly, Plaintiffs argue that removal is not proper because Underwriters did not obtain the consent of DSM before filing its Notice of Removal. However, joinder is not necessary for unserved defendants. Therefore, removal is proper and Plaintiffs' Motion for Remand should be denied.

## II.    STATEMENT OF FACTS

Plaintiffs filed their complaint on November 19, 2007. (Exhibit "A" to the Request for Judicial Notice concurrently filed and served with this opposition ("RJN").) California Rule of Court Rule 3.110 provides:

> The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.

/ / /

---

[1] Underwriters is a foreign corporation incorporated in the United Kingdom.

Gordon & Rees LLP
101 West Broadway, Suite 2000
San Diego, CA 92101

San Diego Superior Court Rule 2.1.5 provides:

> Within 60 days of the filing of the complaint, a Certificate of Service must be filed with the court, unless a Certificate of Progress has been filed indicating why service has not been effected on all parties and what is being done to effect service.

Plaintiffs were required to serve DSM with the complaint by January 18, 2007. DSM was first served on February 12, 2008. (Exhibit "B" to the RJN.)

## III. LEGAL ARGUMENT

### A. The "No Local Defendant Rule" Does Not Apply

28 U.S.C. section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Thus, an action based on diversity is removable unless "any party in interest properly joined and served as a defendant is a citizen of the state in which the action is brought." Lincoln Prop. Co. v. Roche, 456 U.S. 81, 89-90 (2005). The Court must look to the law of the forum state to determine if service is "proper." Piazza v. EMPI, Inc., 2008 WL 590494, *5 (E.D. Cal. 2008). Moreover, proper service – not notice – is the requisite standard. Piazza, supra, 2008 WL 590494 at *6-7 [Removal period is only triggered by proper service].

Local delay reduction rules may shorten this time period and require the service of a complaint within 60 days after filing the complaint. Tliche v. Van Quathem, 66 Cal.App.4th 1054, 1062-1063 (Cal.App. 1998); see Garcia v. McCutchen, 16 Cal.4th 469, 481-482 (Cal. 1997). A court has the power to dismiss a case for failure to abide by a local rule requiring timely service. Tliche, supra, 66 Cal.App.4th at pp. 1062-1063.

///

Under California law, if the summons expires, a Court may extend the time for service prior to the expiration of the summons. Weil and Brown, Cal. Civ. Pro. Before Trial (2007) 4:348 ["The court may extend the time for service above sua sponte or on application of any party. Such application, however, must be filed before the time for service has elapsed."]

Here, Plaintiffs never requested that the time for service be extended, nor did the Court grant such a request. Therefore, pursuant to Rule 3.110 and Rule 2.1.5, Plaintiffs were required to serve DSM by January 15, 2008. However, the complaint was not served until February 12, 2008. Therefore, proper service was not effectuated on the local defendant and the "no local defendant rule" does not apply.

### B. Underwriters Were Not Required To Obtain The Consent Of DSM

Plaintiffs argue that removal is precluded because DSM did not join in removal. However, this rule does not apply when the defendant who does not join is not served in the state action. Cucci v. Edwards, 510 F.Supp.2d 479, 484 (C.D. Cal. 2007). As discussed above, DSM was not properly served in the state action. Therefore, their consent was not required.

### IV. CONCLUSION

For the foregoing reasons, Underwriters respectfully request that the Court deny Plaintiffs' Motion To Remand.

Dated: April 7, 2008

GORDON & REES LLP

By: /s/ Russell P. Brown
Russell P. Brown
George P. Soares
Attorneys for Defendant GREAT LAKES REINSURANCE (UK) PLC