1  HAWKINS, PRATA & DALEY LLP
   Roger E. Hawkins (State Bar No. 45315)
2  Todd A. Daley (State Bar No. 168742)
   707 Wilshire Boulevard
3  Suite 1825
   Los Angeles, California 90017
4  Telephone: (213) 622-5600
   Facsimile: (213) 622-5623
5
   Attorneys for Plaintiffs RICHARD BARTLETT
6  and MARLENE BARTLETT

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11 RICHARD BARTLETT and MARLENE      )  Case No.: 08 CV 0377 JAH CAB
   BARTLETT,                         )
12                                   )  REPLY BRIEF OF RICHARD BARTLETT
              Plaintiffs,            )  AND MARLENE BARTLETT IN SUPPORT
13                                   )  OF MOTION TO REMAND PURSUANT TO
         vs.                         )  28 U.S.C. § 1441(b); DECLARATION OF
14                                   )  TODD A. DALEY
   DOUGLAS K. SMITH MARINE           )
15 INSURANCE SERVICES, INC.; THE     )  [Oral Argument Not Required]
   GREAT LAKES REINSURANCE          )
16 COMPANY, and DOES 1 through 30,   )
                                     )  DATE:      April 21, 2008
17            Defendants.            )  TIME:      2:30 p.m.
                                     )  CTRM:      11
18                                   )
                                     )
19                                   )
                                     )
20 ─────────────────────────────────)

21         Plaintiffs Richard Bartlett and Marlene Bartlett (collectively "Bartletts") hereby

22 submit their reply brief in support of their motion to remand under 28 U.S.C. § 1441(b).

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

                              1

I.    LEGAL ARGUMENT

      A.    DSM Was Properly Served Within Three (3) Years As Required Under

           C.C.P. § 583.210

           In its opposition, Great Lakes makes the novel, if picayune argument, that the federal "local forum defendant" rule under 28 U.S.C. § 1441(b) does not apply to their removal papers because of plaintiffs purported non-compliance with local "fast track" rules governing service of the complaint and return of proofs of service associated therewith.  Great Lakes argues that service of process on local forum defendant, Douglas K. Smith Marine Services, Inc. ("DSM"), was rendered invalid and improper because DSM was personally served on February 12, 2008, after the 60-day service period prescribed by San Diego Superior Court Rule 2.1.5 and Rule 3.110 of the Cal. Rules of Court. [1]

           Great Lakes fails to understand (a) that service of the complaint beyond the 60 day "fast track" period does not render service void, improper or ineffective -- because valid and effective service may be completed up to three (3) years after the action is filed pursuant to Cal. Code of Civil Procedure § 583.210; (b) that plaintiffs filing of the proof of service reflecting personal service on DSM on February 12, 2008 creates, as a matter of law, a rebuttable presumption that service was proper under California law (*Floveyor Int'l, Ltd. v. Sup. Ct. (Shick Tube-Veyor Corp.)* (1997) 59 Cal.App.4th 789, 795; and (c) that DSM, the local forum defendant with standing to object to any perceived "inadequacy of service of process," has not made any such objection and has waived any right to do so under C.C.P. § 418.10(e)(3), requiring that a motion to quash service be made within the statutory time for responsive pleading, which has long since passed.

///

///

///

---

[1]  As this Court is well aware, most State Courts in California employ variations of the Trial Court Delay Reduction Act (Govt. Code § 68600 *et seq.*) or "fast track" rules, for improved case management efficiency.

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

1    Cal. Code of Civil Procedure Section 583.210 provides in pertinent part:

2    Time Limit For Service Upon Defendant.

3    (a)  The summons and complaint shall be served upon a defendant within

4    three years after the action is commenced against the defendant.  For

5    the purpose of this subdivision, an action is commenced at the time the

6    complaint is filed.  (Emphasis added.)

7    Great Lakes offers no decisional authority for the proposition that service of the

8    complaint after the 60-day period renders service of process "invalid" or "improper," because

9    any such decision would run contrary to the express provisions of C.C.P. § 583.210 *et seq.*

10   Instead, Great Lakes offers the unpublished and blatantly inapposite "Westlaw" opinion in

11   *Piazza v. EMPI, Inc.,* 2008 WL 590494 (E.D. Cal. 2008), along with several cases standing for

12   the proposition that a state court has the power to dismiss a case for failure to comply with local

13   rules. See e.g., *Tlilche v. Van Quathem,* (1998) 66 Cal.App.4th 1054.  A copy of the

14   unpublished *Piazza v. EMPI, Inc.* Westlaw opinion is attached hereto as Exhibit "A" for the

15   Court's convenience.  Great Lakes conveniently fails to mention, however, that aside from

16   imposing sanctions, a state court cannot dismiss an action for failure to comply with local "fast

17   track" rules regarding service of process for a delay of less than two years. *Garcia v.*

18   *McCutchen* (1997) 16 Cal.4th 469, 475-476, *Hawks v. Hawks* (2006) 141 Cal.App.4th 1435,

19   1437.  Here, of course, the state court did not dismiss the action because service was properly

20   and timely made well within the three year statutory period.[2]

21   As for the unpublished decision in *Piazza v. EMPI, Inc.,* that case dealt with a

22   situation where service of the initial complaint was made on the wrong corporate "EMPI" entity

23   and on a person unauthorized to accept service of process. *Piazza, supra* at *1, Exhibit "A."

24   The district court found that because service of the original complaint was invalid, the time for

25   EMPI to remove properly commenced upon proper service of a First Amended Complaint

26   naming the correct corporate EMPI entity and where service was made on a duly authorized

27   _____

28   [2] Plaintiffs did have to pay the state court a $50 fine for failing to file the Certificate of Proof of Service within the 60-day period.

1  agent.  *Piazza, supra* at *6, Exhibit "A."

2         In the instant case, valid and proper personal service was effected upon Douglas

3  K. Smith Marine Services, Inc. (the correct corporate entity) on February 12, 2008 (upon the

4  duly authorized agent for service of process), well within the statutory period under C.C.P. §

5  583.210.  Moreover, unlike the *Piazza* case, which involved removal by the corporate entity

6  incorrectly named in the initial complaint, DSM is the local forum defendant, *who is not*

7  *attempting removal,* making the factual scenario in the unpublished *Piazza* case wholly

8  inapplicable to the motion before this Court.

9         As explained in *Courtney v. Abex Corp.* (1986) 176 Cal.App.3d 343, 347-348,

10 once service upon a defendant is made, a delay or defect in the return of such proofs of service

11 does not render service invalid.  The Court of Appeal in *Courtney* explained:

12         The purpose of requiring a return to the court of the summons and proof

13         of service is to give the court notice that plaintiff is diligently prosecuting

14         his case and that defendant has been informed of the action against him

15         and knows he must appear in court; if service upon the defendant is properly

16         made it is of little importance that there is a defect in the return, since it is

17         the fact of service which gives the court jurisdiction, not the proof of service.

18         Thus, in an action for personal injuries against corporate defendants

19         in which plaintiffs properly served defendants but made return only of

20         copies of the original summons and proofs of service within the three-year

21         period prescribed by former CCP § 581a (see now CCP § 583.210 *et seq.*),

22         for return of summons, the trial court erred in finding that the return did not

23         satisfy the return requirement of former § 581a and in dismissing the action.

24                              * * *

25         We would be exalting form over substance if we were to hold that a copy

26         of the original summons was ineffective for the purpose of a return of service.

27         The trial court erred in finding that plaintiffs' return did not satisfy the return

28         requirement of section 581a and in dismissing the action as against defendants.

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

4

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

1     <u>Because plaintiffs returned the copies of the summons to the trial court</u>

2     <u>within the statutory period, they substantially complied with the return</u>

3     <u>requirement of section 581a.</u>

4     <u>Defendants were properly served and the return of the copies of the summons</u>

5     <u>and complaint to the trial court was timely.</u>  The judgment of dismissal is

6     reversed.

7   *Courtney, supra,* 176 Cal.App.3d at 347-348; underlining added.  The fact remains that

8   plaintiffs timely filed their proof of service with the state court within three years as prescribed

9   by C.C.P. § 583.210, reflecting personal service on February 12, 2008.

10     B.    <u>Proper Service Was Made Upon DSM Under C.C.P. § 583.210</u>

11         <u>Irrespective Of Being Made Beyond The 60 Day Fast Track Period</u>

12     By operation of California law, "[t]he filing of a proof of service creates a

13   rebuttable presumption that the service was proper.  However, the presumption arises only if the

14   proof of service complies with the applicable statutory [C.C.P. § 583.210] requirements." *Dill*

15   *v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1441-1442; 1 Weil & Brown, Cal.

16   Practice Guide: Civil Procedure Before Trial (The Rutter Group 1997) § 4:148.2, 4:165, pp. 4-

17   32.20, 4-32.23, rev. # 1, 1997) and *Floveyor Int'l, Ltd., supra.*  As a result, the time for removal

18   by Great Lakes on grounds of diversity is governed, *vis a vis* the "no local defendant" rule under

19   28 U.S.C. § 1441(b), by the February 12, 2008 proof of service -- irrespective of whether the

20   proof of service was filed beyond the 60 day local fast track rules -- <u>because the service is</u>

21   <u>proper so long as made within the three year statutory period under C.C.P. § 583.210.</u>

22     In light of the controlling statutes, the fact that the summons and complaint were

23   served on DMS and the proof of service filed more than 60 days after the complaint was filed

24   does not, by any stretch of the imagination, render such service void.  Additionally, while it is

25   true that a State court trial judge may impose monetary sanctions for failing to file a proof of

26   service certificate within the 60 day fast track period, it does not have the ability to dismiss the

27   action for 2 years under CCP 583.420(a)(1), nor does the filing of a proof of service render the

28   service void.  See *Garcia, supra,* 16 Cal.4th at 475-476.  Consequently, Great Lakes cannot

5

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

1  avoid remand by alleging non-compliance with local fast track rules governing service of the

2  complaint, where proper and timely service was made in compliance with C.C.P. § 583.210.

3       C.     The Great Lakes Removal Papers Were Filed Two (2) Weeks After Service On

4                Local Forum Defendant DSM, In Violation Of 28 U.S.C. § 1441(b)

5       The removal period applicable to Great Lakes was triggered by plaintiffs' proof

6  of service of process being filed in the State Court which, in this case, leaves no doubt that the

7  Great Lakes removal papers were filed two (2) weeks *after* the February 12, 2008 service on

8  local defendant DSM. "Removal [by a nonresident defendant] will be improper if the *local*

9  *defendant is served before removal*." Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed.*

10 *Civ. Pro. Before Trial* (The Rutter Group 2007) ¶ 2:640, p. 2D-24.1, italics in original, and

11 *Spencer v. United States Dist. Ct. for Northern Dist. of Calif. (Altec Industries, Inc.),* 393 F.3d

12 867, 870 (9th Cir. 2004)( "forum defendant" rule "reflects the belief that [federal] diversity

13 jurisdiction is unnecessary because there is less reason to fear state court prejudice against the

14 defendants if one or more of them is from the forum state" citing Erwin Chemerinsky, *Federal*

15 *Jurisdiction* § 5.5, at 345 (4th ed. 2003)).

16      Here, local forum defendant DSM was served before Great Lakes attempted its

17 removal. Thus, Great Lakes' removal is improper as it violates the "no local defendant" rule set

18 forth in 28 U.S.C. Section 1441(b). No amount of creative argument can alter this fact, nor can

19 any claim that other non-joining defendants have not been properly served. See e.g., *Prize*

20 *Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir. 1999)(rejecting claim by

21 defendant opposing motion to remand that other non-joining defendants had been "improperly"

22 served by plaintiff).

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

6

II.    CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that the Court grant their motion to remand in its entirety. The plaintiffs further submit that, given the unalterable facts, no oral argument is required.

DATED: April 8, 2008

HAWKINS, PRATA & DALEY LLP

By _____
Todd A. Daley
Attorneys for Plaintiffs, RICHARD BARTLETT
and MARLENE BARTLETT

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

7

08 CV 0377 JAH CAB

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600    FAX: (213) 622-5623

1    <u>DECLARATION OF TODD A. DALEY</u>

2    I, Todd A. Daley, declare as follows:

3    1.    I am an attorney duly licensed to practice law in the State of California,

4    am admitted to practice in the United States District Court for the Southern District of

5    California, and a partner in the law firm of Hawkins, Prata & Daley LLP, counsel of record for

6    plaintiffs, Richard and Marlene Bartlett, in this case. I have personal knowledge as to the

7    matters set forth herein and, if called as a witness, could and would competently testify thereto.

8    2.    Attached hereto as Exhibit "A" is a true and correct copy of the

9    unpublished Westlaw opinion in *Piazza v. EMPI, Inc.* 2008 WL 590494 (E.D. Cal. 2008).

10    I declare under penalty of perjury under the laws of the United States and of the

11    State of California that the foregoing is true and correct.

12    Executed this 8th day of April, 2008, at Los Angeles, California.

13

14    _____
                      Todd A. Daley

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

1

## EXHIBITS: TABLE OF CONTENTS

2

3   Exhibit "A"  (Unpublished Westlaw opinion in *Piazza v. EMPI, Inc.* 2008 WL 590494 (E.D.

4   Cal. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600   FAX: (213) 622-5623

08 CV 0377 JAH CAB

# EXHIBIT "A"

**Westlaw.**

Slip Copy                                                                                          Page 1
Slip Copy, 2008 WL 590494 (E.D.Cal.)
**(Cite as: Slip Copy)**

Piazza v. EMPI, Inc.
E.D.Cal.,2008.
Only the Westlaw citation is currently available.
United States District Court,E.D. California.
Julia PIAZZA, Plaintiff,
v.
EMPI, INC., Larry Davis, and Does 1-XX,
Defendants.
No. 1:07-cv-00954-OWW-GSA.

Feb. 29, 2008.

Nicholas J.P. Wagner, Law Offices of Wagner &
Jones, Fresno, CA, for Plaintiff.
Sarah Ann Jain, Michael M. Pfyl, Paul Hastings
Janofsky and Walker, San Francisco, CA, for
Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO
REMAND (Doc. 6) AND DENYING PLAINTIFF'S
MOTION TO STRIKE THE DECLARATION OF
HARRY L. ZIMMERMAN (Doc. 11)

OLIVER W. WANGER, District Judge.

I. *Introduction.*

**\*1** This case concerns claims for the sexual
harassment, sexual battery, retaliation, wrongful
termination of Julia Piazza ("Plaintiff"), and failure
to pay wages by EMPI, Inc. ("EMPI") and Larry
Davis ("Davis") (collectively "Defendants"). Before
the court for decision are Plaintiff's motion to remand
this case to the Fresno County Superior Court
("Motion to Remand") and Plaintiff's motion to strike
the declaration of Harry L. Zimmerman ("Motion to
Strike"). EMPI opposes both motions. EMPI
submitted Davis's Declaration ("Davis Declaration")
in support of its opposition to Plaintiff's Motion to
Remand. Davis, however, has not been served with a
copy of the summons and First Amended Complaint
as of August 24, 2007.[FN1] Davis Decl. ¶ 5. For the
reasons stated below, Plaintiff's Motion to Remand
and Motion to Strike are denied.

FN1. Plaintiff attempted to serve Davis with
the summons and First Amended Complaint

on July 29, 2007, through substituted
service. Plaintiff left a copy of the summons
and First Amended Complaint with an
individual by the name of Sherri Davis at
2914 Sommer Star Road, Placerville, CA
95667, a dwelling house or usual place of
abode. This is Davis's former residence,
which he sold in May 2006. Davis Decl. ¶ 4.
Davis does not know of any individual
named Sherri Davis and has never
authorized anyone with that name to accept
legal service on his behalf. Davis Decl. ¶ 5.

II. *Background.*

Plaintiff filed her original Complaint for
Compensatory and Punitive Damages ("Original
Complaint") in Fresno County Superior Court on
April 18, 2007, alleging state law causes of action for
sexual harassment and retaliation, sexual battery,
termination in violation of public policy, breach of
employment contract, failure to pay wages, and
waiting time and penalties. Plaintiff served EMPI by
personal service on April 24, 2007. The proof of
service, which was filed with the Fresno County
Superior Court on May 15, 2007, indicates "Lynn
Masanz: Managing Agent for Service of Process" at
"599 Cardigan Road [,] St. Paul, MN. 55126-4099"
on "4-24-07" at "1:15 p.m." received the summons
and Original Complaint on behalf of EMPI.

Lynn Masanz ("Masanz"), the individual whom
Plaintiff served with the Original Complaint, is a
medical billing assistant in EMPI's Minnesota office.
Masanz Decl. ¶ 1; Zimmerman Suppl. Decl. ¶ 3. As a
medical billing assistant Masanz handles invoices
and requests for medical records. Masanz Decl. ¶ 2.
Masanz is not an officer, managing agent, or general
agent of EMPI. Masanz Decl. ¶ 4; Zimmerman
Suppl. Decl. ¶ 3. EMPI never authorized Masanz to
receive service of process on behalf of the company.
Masanz Decl. ¶ 4; Zimmerman Suppl. Decl. ¶ 3.

On May 14, 2007, Robert Kristoff ("Kristoff"),
counsel for EMPI, called Plaintiff's counsel and
spoke with his assistant. Kristoff Decl. ¶ 3. Kristoff
informed her that EMPI had not been properly served
with the Original Complaint, and the Original

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 590494 (E.D.Cal.)
**(Cite as: Slip Copy)**

Page 2

Complaint incorrectly named EMPI as "EMPI Medical, Inc." *Id.* Kristoff also informed Plaintiff's counsel's assistant that if Plaintiff filed a first amended complaint with EMPI's correct name and sent it to Kristoff, he would accept service on behalf of EMPI. *Id.* On June 1, 2007, Kristoff received a copy of the summons and First Amended Complaint ("FAC") correctly identifying EMPI. *Id.* at ¶ 4. Kristoff signed an acknowledgment of receipt and accepted service on behalf of EMPI that same day. *Id.*

In response to the FAC, which was filed in Fresno County Superior Court on May 23, 2007, EMPI filed its Notice of Removal on July 2, 2007. EMPI's Notice of Removal invokes the federal court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a)(1).

### III. *Legal Standard.*

**\*2** A district court may remand to state court a case that has been removed to the district court if at any time it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). A motion to remand on the basis of any defect in the removal procedure must be made within 30 days of the filing of the notice of removal. *Id.* Where a motion for remand is not made within 30 days of removal of the case to the district court, the court must remand the case to state court *sua sponte* when federal subject matter jurisdiction is lacking. A federal court must determine its own jurisdiction even if the parties fail to raise the issue. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 230-31, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990).

Federal courts construe removal statutes strictly to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir.1992). Removal is generally proper when the district courts have original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Duncan v. Stuetzle,* 76 F.3d 1480, 1485 (9th Cir.1996). Jurisdiction must be determined from the face of the complaint, *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987), and it must be clear from the face of the complaint under the well-pleaded complaint rule that federal subject matter jurisdiction exists. *Oklahoma Tax Comm'n. v. Graham,* 489 U.S. 838, 840-41, 109 S.Ct. 1519, 103

L.Ed.2d 924 (1989) (per curiam).

### IV. *Discussion.*

#### A. *Motion to Strike Zimmerman Declaration.*

Before turning to the merits of the Motion to Remand, Plaintiff's Motion to Strike must be addressed. Plaintiff filed two identical and separate documents entitled "Plaintiff's Notice of Motion and Motion To Strike Declaration of Harry L. Zimmerman Submitted by Defendant EMPI in Support of EMPI's Notice of Removal."(Docs. 11 and 12). The Motion to Strike reads "This motion will be based upon this Notice, the attached Memorandum of Points and Authorities, on all pleadings and documents on file herein, and on such other oral and documentary evidence that may be presented at the hearing of this motion,"Plaintiff neither attached a memorandum of points and authorities to her Motion to Strike (Docs. 11 and 12), nor did she file the memorandum of points and authorities as a separate document. EMPI filed an opposition brief to Plaintiff's Motion to Strike. Plaintiff did not file a reply brief.

Plaintiff's Motion to Remand, however, references her Motion to Strike. In the Motion to Remand, Plaintiff contends there is no evidentiary support submitted in EMPI's Notice of Removal to establish the citizenship of either EMPI or Davis. Plaintiff further contends the Zimmerman Declaration lacks foundation, contains impermissible hearsay, and contains conclusory allegations.

On July 2, 2007, and in conjunction with its Notice of Removal, EMPI filed the "Declaration of Harry L. Zimmerman in Support of Notice of Removal" ("Zimmerman Declaration"). In the Zimmerman Declaration, Mr. Zimmerman declares that he is the Executive Vice President and General Counsel of EMPI; that EMPI is incorporated under the laws of Minnesota and maintained its principal place of business in Minnesota, both at the time of removal and when Plaintiff commenced this case; that according to EMPI's personnel records, Davis's home residence changed from California to Missouri on June 19, 2006, based on Davis's communication to EMPI that he moved to Missouri; and that on June 27, 2007, Mr. Zimmerman called Davis at his home in Missouri, and as of that date, Davis was still

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                        Page 3
Slip Copy, 2008 WL 590494 (E.D.Cal.)
**(Cite as: Slip Copy)**

residing there.

**\*3** Plaintiff's Motion to Strike lacks merit. The first paragraph of the Zimmerman Declaration indicates Mr. Zimmerman is the Executive Vice President and General Counsel of EMPI. Because of his high-level position with EMPI, Mr. Zimmerman has personal knowledge of information concerning the company's legal status, state of incorporation, and principal place of business. While the Zimmerman Declaration does not include EMPI's articles of incorporation, Mr. Zimmerman's personal knowledge may include inferences and opinions, so long as they are grounded in personal observation and experience. _United States v. Neal,_ 36 F.3d 1190, 1206 (1st Cir.1994). As general counsel, Zimmerman has access to intimate information regarding EMPI's legal affairs. In any event, EMPI filed the "Supplemental Declaration of Harry Zimmerman In Support of Defendant EMPI, Inc.'s Opposition to Plaintiff's Motion to Remand" ("Supplemental Zimmerman Declaration"), which further clarifies any infirmities with the Zimmerman Declaration. Attached to the Supplemental Zimmerman Declaration are EMPI's "Articles of Amendment and Restated Articles of Incorporation of EMPI, Inc.[,]" which were signed by Mr. Zimmerman on February 26, 2007, and filed with the Minnesota Secretary of State on March 2, 2007. The Restated Articles of Incorporation establish EMPI is a Minnesota corporation.

Mr. Zimmerman's reference to EMPI's personnel records maintained in the ordinary course of the company's business indicating Davis moved from California to Missouri on June 19, 2006 is not hearsay. "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."Fed.R.Evid. 801(d)."Hearsay is not admissible except as provided by these rules ...."Fed. R. Evid 802. Federal Rule of Evidence ("FRE") 803 contains numerous exceptions to the hearsay rule. Among these exceptions is the business records exception which provides:

    A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to

make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

Fed.R.Evid. 803(6). The Zimmerman Declaration indicates EMPI maintains personnel records in its ordinary course of business, and the company's records indicate Davis's home address changed from California to Missouri on June 19, 2006. This portion of the Zimmerman Declaration falls within the business records exception to the hearsay rule. While Plaintiff may challenge the sufficiency of Davis's home address contained in EMPI's business records to determine his citizenship for diversity jurisdiction purposes, that inquiry is separate and distinct from the standards for admissibility.

**\*4** Plaintiff's Motion to Strike the Zimmerman Declaration is DENIED.

B. _Request for Judicial Notice._

Plaintiff requests the court to take judicial notice of EMPI's registration with the California Secretary of State under FRE 201(b). Attached to Plaintiff's request for judicial notice is a copy of EMPI's registration from the California Secretary of State's website. EMPI does not oppose Plaintiff's request for judicial notice. EMPI's registration with the California Secretary of State is an official public record and its contents are not reasonably in dispute; it is therefore appropriately the subject of judicial notice under FRE 201(b)(2).Association of Irritated Residents v. Fred Schakel Dairy, 460 F.Supp.2d 1185, 1189-90 (E.D.Cal.2006); _see also Reiner v. Washington Plate Glass Co., Inc.,_ 711 F.2d 414, 416 (D.C.Cir.1983) (taking judicial notice of appellee's date of incorporation by consulting the records of the District of Columbia Recorder of Deeds Office).

The attached copy of EMPI's registration contains the following information:

Slip Copy
Slip Copy, 2008 WL 590494 (E.D.Cal.)
**(Cite as: Slip Copy)**

*CORPORATION*

EMPI, INC. WHICH WILL DO BUSINESS IN
CALIFORNIA AS EMPI, INC. (MINNESOTA)

*NUMBER:* C1881016 *DATE FILED:* 1/5/1994
*STATUS:* Surrender *JURISDICTION:* Minnesota

*ADDRESS*

599 Cardigan Road

ST Paul, MN 55126

*AGENT FOR SERVICE OF PROCESS*

The Prentice-Hall Corporation System, Inc.

PO Box 526036

Sacramento, CA 95852

The copy of EMPI's registration also contains the following disclaimer: "If the status of the corporation is 'Surrender', the agent for service of process is automatically revoked. Please refer to California Corporations Code Section 2114 for information relating to service upon corporations that have surrendered."The document that Plaintiff requests the court to take judicial notice of indicates EMPI's status was in fact "Surrender." The copy of EMPI's registration indicates the information was current as of July 20, 2007.

For the same reasons stated above, the court also takes judicial notice of EMPI's current registration status with the California Secretary of State under FRE 201(c).[FN2] EMPI's current registration status is "Active." EMPI's current registration contains the following information:

> FN2. A search of the California Secretary of State's website using the term "EMPI" produced five results, one of which provides EMPI's current registration and another being the registration that Plaintiff requested the court to take judicial notice of.

*CORPORATION*

EMPI, INC. WHICH WILL DO BUSINESS IN
CALIFORNIA AS EMPI, INC. (MINNESOTA)

*NUMBER:* C2976714 *DATE FILED:* 3/8/2007
*STATUS:* Active *JURISDICTION:* Minnesota

*ADDRESS*

9800 Metric Blvd

Austin, TX 78758

*AGENT FOR SERVICE OF PROCESS*

CT Corporation System

818 West Seventh St

Los Angeles, CA 90017

Plaintiff's request for judicial notice is GRANTED.

C. *Motion to Remand to Fresno County Superior Court.*

Plaintiff advances several reasons why the court should remand this case to Fresno County Superior Court. First, EMPI's Notice of Removal was untimely. Second, EMPI's Notice of Removal was factually deficient and cannot be supplemented. Third, complete diversity does not exist between the parties. Fourth, EMPI failed to establish that the amount in controversy requirement is satisfied.

1. *Timeliness of EMPI's Notice of Removal.*

**\*5** Plaintiff contends EMPI's Notice of Removal was untimely because EMPI waited sixty-nine days after service to file its Notice of Removal. EMPI maintains it timely filed its Notice of Removal on July 2, 2007, because Plaintiff's service of her Original Complaint and summons on April 24, 2007, was ineffective. EMPI further maintains Plaintiff properly effectuated service of the FAC and summons on June 1, 2007, which triggered the thirty-day period to remove this case from state court to federal court.

"Any civil action brought in a State court of which

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."28 U.S.C. § 1441(a). If a defendant or defendants desire to remove a civil action from state court to federal court, they must file "a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."28 U.S.C. § 1446(a).

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based ...."28 U.S.C. § 1446(b)."The statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional."Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir.1980)."Although the time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights."Id.

Plaintiff correctly identifies the proper method to effectuate service upon a corporation under California law and the Federal Rules of Civil Procedure. In California, "[a] civil action is commenced by filing a complaint with the court."Cal.Code. Civ. P. § 411.10. "[T]he court in which an action is pending has jurisdiction over a party from the time the summons is served on him as provided by Chapter 4 (commencing with Section 413.10."Cal.Code. Civ. P. § 410.50.
A summons may be served upon a corporation by delivering a copy of the summons and the complaint by any of the following methods:

(a) To the person designated as agent for service of process [as provided by the California Corporations Code].

(b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial

officer, a general manager, or a person authorized by the corporation to receive service of process.

*6Cal.Code. Civ. P. § 416.10. Similarly, the Federal Rules of Civil Procedure provide service upon a corporation may be effected[pursuant to the law of the state in which the district court is located], or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant ....

Fed.R.Civ.P. 4(h)(1).

Plaintiff did not properly serve EMPI on April 24, 2007. Plaintiff's proof of service describes service on Lynn Masanz as EMPI's "managing agent for service of process."The proof of service asserts Fresno Attorney Service and Andy Lonergan personally served Lynn Masanz. It is unclear whether Plaintiff's counsel, Fresno Attorney Service, or Andy Lonergan completed the proof of service naming Lynn Masanz as EMPI's managing agent. EMPI has provided clear and uncontroverted evidence, through the Supplemental Zimmerman Declaration and Lynn Masanz's own declaration ("Masanz Declaration"), that Masanz is not an individual authorized to receive service on behalf of EMPI. Masanz is a medical billing assistant-a low-level employee at EMPI-who handles medical invoices and requests for medical records. Masanz states in her declaration that she is neither an officer, managing agent, or high-ranking employee, nor has she ever been authorized to accept service of process on behalf of EMPI, nor has Mr. Zimmerman ever authorized her to accept service. Masanz admits in her declaration that she received a package on April 24, 2007, which contained the Original Complaint, and that she forwarded it on to the administrative assistant to the Executive Vice President of Operations. As Masanz is not a person authorized to receive service under California Code of Civil Procedure § 416.10, Plaintiff's attempted service on EMPI of the Original Complaint and summons is invalid.

The only remaining question is whether under 28 U.S.C. § 1446(b), the thirty-day removal period is triggered when the defendant receives a summons

Slip Copy
Slip Copy, 2008 WL 590494 (E.D.Cal.)
(Cite as: Slip Copy)

Page 6

and complaint regardless of whether service was proper, or whether proper service is a prerequisite to commencement of the thirty-day removal period. Two cases provide useful guidance. In *Estate of Baratt v. Phoenix Mut. Life Ins. Co.*, 787 F.Supp. 333 (W.D.N.Y.1992), the district court held that improper service did not trigger the thirty-day removal period under 28 U.S.C. § 1446(b). In *Baratt*, the plaintiff's process server served a summons with notice on a part-time receptionist at the defendant's company on December 9, 1991. The receptionist's duties included greeting people who came to the office, typing, opening mail, answering phones, and reviewing the completeness of insurance applications. On January 23, 1992, plaintiff served a copy of the summons with notice on the New York State Insurance Department, which defendant received on January 27, 1992. On January 30, 1992, defendant removed the case from state court to federal court. Plaintiff sought to remand the case arguing the thirty-day time period to file a notice of removal began on December 9, 1991, when service was made upon the receptionist. Defendant argued its removal notice was timely because the thirty-day removal period did not begin to run until it received the properly served summons on January 27, 1992. The court reasoned "the through service or otherwise" language in § 1446(b)"was not intended to diminish the right to removal by permitting a plaintiff to avoid state service requirements."*Baratt*, 787 F.Supp. at 336. The court also noted the " 'or otherwise' language of section 1446(b) was not intended to permit a plaintiff to substitute informal or improper service for the traditional requirements of personal service."*Id.* at 337.

*7 More recently, in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999), the Supreme Court addressed a slightly different issue that sheds light on the commencement of the thirty-day removal period in § 1446(b). The issue before the Court in *Murphy Bros.* was whether the named defendant must be officially summoned to appear in the action before the time to remove begins, or does the thirty-day period start earlier, on the named defendant's receipt, before service of official process, of a courtesy copy of the filed complaint faxed by plaintiff's counsel. On January 26, 1996, the plaintiff had filed a complaint in state court for breach of contract and fraud. Three days later, on January 29, plaintiff faxed a courtesy copy of the file-stamped complaint to one of the

defendant's vice presidents. It was not until February 12, 1996, that plaintiff officially served defendant under local law by certified mail. The defendant removed the case to federal court on March 13, 2006, thirty days after service and forty-four days after receiving the faxed courtesy copy. The Court held that a defendant's time to remove is triggered by simultaneous service of the summons and complaint. *Murphy Bros.*, 526 U.S. at 347-48. In reaching this conclusion, the Court read Congress's provisions for removal in light of the following bedrock principal: "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, *and brought under a court's authority, by formal process."Id.* at 347 (emphasis added). Service of process, the Court noted, is fundamental to any procedural imposition on a named defendant under a longstanding tradition in our system of justice. *Id.* at 350."In the absence of service of process ... a court ordinarily may not exercise power over a party the complaint names as a defendant."*Id.* Service of the summons is the mechanism by which a court asserts jurisdiction over the person of the party served. *Id.*"[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend."*Id.*

The facts of *Barrat* are indistinguishable from this case, and the Supreme Court's reasoning in *Murphy Bros.* is equally compelling. In California, a court obtains jurisdiction over a party "from the time the summons is *served upon him as provided by Chapter 4."Cal.Code Civ. Proc. § 410.50* (emphasis added). As previously determined, Plaintiff did not serve EMPI as provided under California Code of Civil Procedure § 416.10 (a section in Chapter 4), the statute for effecting service upon a corporation. Instead of serving the Original Complaint and summons on a person authorized by law to receive service under § 416.10, Plaintiff served Masanz, a low-level medical billing assistant and an individual not authorized to receive service under California law or with EMPI's authorization. Consequently, under *Barrat* and *Murphy Bros.*, the thirty-day period for EMPI to remove this case to federal court began to run on June 1, 2007, when EMPI's counsel Kristoff, was properly served with a copy of the FAC and summons. Thirty days after June 1, 2007, was July 1, 2007, a Sunday. Therefore, EMPI had until Monday, July 2, 2007, to file a timely notice of removal, which

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                      Page 7
Slip Copy, 2008 WL 590494 (E.D.Cal.)
**(Cite as: Slip Copy)**

it did. *See* Fed.R.Civ.P. 6(a)(3).

**2.** *Factual Sufficiency of EMPI's Notice of Removal.*

**\*8** Plaintiff contends EMPI's Notice of Removal should be rejected because there is no admissible evidence before the court to establish Davis's citizenship. Plaintiff maintains the Notice of Removal and Zimmerman Declaration both fail to establish Davis's citizenship and refute the allegation in Plaintiff's FAC that Davis is a California citizen. Plaintiff also argues EMPI is not entitled to amend the Notice of Removal or provide additional evidence of Davis's citizenship in its opposition to Plaintiff's Motion to Remand. In support of her position, Plaintiff cites two Ninth Circuit cases, *Sanchez v. Monumental Life Ins. Co.* 102 F.3d 398 (9th Cir.1996), and *Gaus v. Miles, Inc.,* 980 F.2d 564 (9th Cir.1992), and two unpublished cases from the Northern District of California, *Kanaan v. Freescale Semiconductor, Inc.,* 2007 WL 420241 (N.D.Cal.2007), and *Henry v. Emery Worldwide,* 2003 WL 715899 (N.D.Cal.2003). Plaintiff cites these cases for the proposition that the notice of removal statute is strictly construed, and that a defendant cannot amend or supplement a previously filed notice of removal.

EMPI contends the court may consider supplemental evidence provided in its opposition to Plaintiff's Motion to Remand for purposes of curing any defect in the original Notice of Removal.

It is well-settled that the notice of removal statute is strictly construed. *Gaus,* 980 F.2d at 566. However, the cases Plaintiff cite do not support her position that a defendant cannot amend or supplement a previously filed notice of removal. Plaintiff would have the court unduly "exalt form over substance and legal flaw-picking over the orderly disposition of cases properly committed to federal courts." *Barrow Dev. Co., Inc. v. Fulton Ins. Co.,* 418 F.2d 316, 318 (9th Cir.1969).

*Gaus* does not help Plaintiff. In *Gaus,* the defendant made an unsupported allegation in its notice of removal that the amount in controversy exceeded $50,000. *Gaus,* 980 F.2d at 567. The defendant stated "the matter in current controversy ... exceeds the sum of $50,000." *Id. Gaus* found this allegation was insufficient for removal of the case from state court because no underlying facts supported the allegation.

*Id.*

*Sanchez* is another amount in controversy case. In *Sanchez,* the court held that the defendant failed to meet the amount in controversy requirement. *Sanchez,* 102 F.3d at 404-06. The amount in controversy requirement at the time was $50,000. *Id.* at 405.The defendant alleged contract damages of $12,500, and also cited California Civil Code § 3345, which permitted the trebling of damages, bringing the amount in controversy to $50,000. *Id.* The defendant argued that because plaintiff's non-contract claims for relief exceeded $0.00, the amount in controversy requirement had been met. *Id.* The court concluded, however, the defendant's calculation of the amount in controversy was "entirely premised on a misinterpretation of [the statute permitting the trebling of damages,]" and had therefore failed to meet its burden of proof. *Id.* Plaintiff also had a claim to force the disgorgement of profits from the defendant. *Id.* The court concluded that the defendant "provided us with absolutely no evidence which would allow us to determine the extent of the loss which it might incur if an injunction is granted forcing it to disgorge the premiums." *Id.* In *Sanchez,* the case was remanded to state court because defendant misinterpreted the applicability of the trebling statute and failed to provide any evidence of loss it might incur. *Id.*

**\*9** *Kanaan* involved an employment dispute where the citizenship of the parties was at issue. *Kanaan,* 2007 WL 420241 at *1. The facts of *Kanaan* are straightforward. Plaintiff was a California resident when the defendant solicited him to apply for a position reporting to one of the defendant's senior vice presidents. *Id.* The defendant was a Delaware corporation with its principal place in Texas. *Id.* Plaintiff accepted a position with the defendant and resigned his current position in California. *Id.* Shortly before commencing his employment with the defendant, the plaintiff learned that the vice president he would be reporting to was being replaced. *Id.* Plaintiff was told that he would still have a job, although the exact title and responsibilities were not certain. *Id.* Based on these assurances, plaintiff alleged he put his home in California up for sale and moved his family to Texas. *Id.* Plaintiff began working for the defendant but was terminated several months later. *Id.* Plaintiff filed suit in the Superior Court of California for San Francisco County for

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 590494 (E.D.Cal.)
(Cite as: Slip Copy)

promissory fraud, intentional and negligent infliction of emotional distress, negligent misrepresentation, and a violation of the California Labor Code. *Id.* The defendant removed the case to federal court alleging diversity of citizenship. *Id.* The defendant alleged that it was a Delaware corporation with its principal place of business in Texas. *Id.* The defendant alleged on information and belief that plaintiff was a California citizen based on the fact that plaintiff had alleged in his complaint that he "at all relevant times mentioned herein was a resident of the State of California."*Id.* The plaintiff moved to remand contending at the time the complaint was filed he had been living with his family in Texas where he had purchased a home, he was actively seeking employment in Texas, and it was his intention to remain in Texas. *Id.* at *2. The court determined that the complaint did not adequately allege plaintiff's citizenship, and that it also indicated plaintiff had moved to Texas. *Id.* The plaintiff submitted a declaration stating that he moved to Texas from California to accept a position with the defendant, that he purchased a home in Texas, that he was actively seeking employment in Texas, that he intended to remain in Texas, and that his children were enrolled in Texas schools. *Id.* at *3. Because defendant offered no evidence to rebut plaintiff's declaration or to support its allegation that plaintiff was a California citizen, the court remanded the case to state court. *Id.*

*Henry* is a wrongful discharge case where the issue was the defendant's principal place of business. *Henry, 2003 WL 715899 at *1.* In its notice of removal, the defendant stated (1) that the amount in controversy was satisfied because the plaintiff sought emotional distress damages in excess of $500,000, and (2) that the defendant was not a citizen of California, plaintiff's state of citizenship. *Id.* The defendant was a Delaware corporation, which left only the issue whether its principal place of business was in a state other than California, i.e., whether the defendant had a "substantial predominance" of its business activities in a state other than California. *Id.* at *2. Defendant conceded its "nerve center" was in California. *Id.* The court held that the defendant failed to meet its burden of showing that a "substantial predominance" of its business activities were in a state other than California, and remanded the case to state court. *Id.* at *5. The court found, *inter alia,* that the defendant failed to provide evidence regarding the location of 56% of its

workforce, how many of its employees interacted with the public, the amount of freight shipped to and from various states in which it did business, the real property it owned, its sources of income, or where its sales took place. *Id.* at *3-4.In *Henry,* the defendant provided some evidence, but failed to provide sufficient relevant evidence of residence to enable the court to perform a meaningful analysis under the substantial predominance of business test.

**\*10** By contrast, determining the citizenship of an individual is, generally, a less arduous task than determining the citizenship of a large corporation doing business nationally. Here, EMPI has provided substantial factual evidence regarding Davis's citizenship through the Zimmerman and Davis Declarations.

*Sinclair, Gaus, Kanaan,* and *Henry* do not stand for the proposition that a defendant cannot amend or supplement a previously filed notice of removal. The common thread of these cases is the defendant's failure to provide any evidence regarding the amount in controversy or the citizenship of a particular party. Here, by contrast, EMPI stated in its notice of removal that Davis was a citizen of Missouri because he resided there. Unlike the defendants in *Gaus, Sanchez, Kanaan,* and *Henry,* EMPI provided the following evidence that Davis was a Missouri citizen: (1) the Zimmerman Declaration, which states "According to the personnel records maintained by EMPI in the ordinary course of its business, Larry Davis's home residence was changed from California to Missouri on June 19, 2006, based on his communication to EMPI that he moved his home residence to Missouri[;]" and (2) the Davis Declaration that states that in May 2006 he sold his residence at 2914 Sommmer Star Road in Placerville, California, that he bought a residence at 78 Harbor View Drive in Reeds Spring, Missouri, that he intended to remain in Missouri indefinitely, that he registered to vote and obtained a driver's license in Missouri, that he paid Missouri state income taxes in 2007, and that he currently resides in Missouri. EMPI's evidentiary submissions are sufficient to support its removal notice.

Plaintiff's argument that EMPI is not entitled to amend its notice of removal or provide additional evidence of Davis's citizenship after the time period expired for filing a notice of removal ignores the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 590494 (E.D.Cal.)
**(Cite as: Slip Copy)**

Ninth Circuit's *Barrow* decision. In *Barrow,* the court held that allegations in a removal notice that are defective in form, but not so lacking in substance, may be amended.*Barrow,* 418 F.2d at 318. The court held that allowing amendment of a formally defective removal notice that is not lacking in substance is the majority view. *Id.* The *Barrow* court also specifically rejected the rigid formality Plaintiff suggests should be followed here, to strictly construe the notice of removal statute to prevent supplementation or amendment. *Id.* The Davis Declaration merely supplements EMPI's notice of removal. EMPI's notice of removal was not so lacking in substance that it could not be amended or supplemented with the information contained in the Davis Declaration.[FN3]The *Barrow* court also held that 28 U.S.C. § 1653 applies to removed actions as well as actions initiated in United States District Courts. *Id.* at 317.Section 1653 provides: "Defective allegations of jurisdiction may be amended upon terms, in the trial or appellate courts."28 U.S.C. § 1653.[FN4] Plaintiff has offered no evidence to rebut the Zimmerman Declaration and the Davis Declaration. Plaintiff's argument rests solely on an allegation in the FAC to establish Davis's citizenship in California. Through EMPI's notice of removal, the Zimmerman Declaration, and the Davis Declaration, EMPI has met its burden to provide substantial evidence which overcomes Plaintiff's assertion that Davis is a California citizen.

> FN3. Plaintiff objects that EMPI filed Davis's declaration in conjunction with its opposition to Plaintiff's Motion to Remand rather than with its notice of removal. At the hearing on Plaintiff's Motion to Remand, counsel for EMPI satisfactorily explained the delay in obtaining and submitting Davis's declaration. EMPI no longer employed Davis as of November 2006 and had no control over him at the time this lawsuit was filed in state court and when EMPI filed its notice of removal on July 2, 2007. Counsel for EMPI explained it was difficult to reach Davis while they were preparing the notice of removal, and Davis was unaccessible two days before the thirty-day limit on filing a notice of removal would have expired.

> FN4.Section 1653 was enacted in 1948 and

has never been amended.

*3. Complete Diversity of the Parties.*

**\*11** Plaintiff contends diversity of citizenship is absent between Plaintiff, EMPI, and Davis. Plaintiff argues all parties are California citizens. EMPI argues the parties are completely diverse as Plaintiff is a citizen of California, EMPI is a citizen of Minnesota, and Davis is a citizen of Missouri. Plaintiff's California citizenship is not disputed.

"Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff."*Tosco Corp. v. Communities for a Better Env't,* 236 F.3d 495, 499 (9th Cir.2001).

*a. Diversity as to EMPI*

"In determining whether there is diversity between corporate parties, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."*Id.* (citing 28 U.S.C. § 1332(c)) (internal quotations omitted)."Thus, corporations are citizens of both the state where they are incorporated and the state where they have their principal place of business."*Id.*

"Federal courts generally use one of two tests to determine a corporation's principal place of business."*Tosco,* 236 F.3d at 499. "First, the 'place of operations test' locates a corporation's principal place of business in the state which 'contains a substantial predominance of corporate operations'."*Id.*(citing *Industrial Tectonics, Inc. v. Aero Alloy,* 912 F.2d 1090, 1092 (9th Cir.1990))."Second, the 'nerve center test' locates a corporation's principal place of business in the state where the majority of its executive and administrative functions are performed ."*Tosco,* 236 F.3d at 499 (citing *Industrial Tectonics,* 912 F.2d at 1092-93).

The Ninth Circuit uses a hybrid approach to determine where a corporation's principal place of business is located. The "total activities" or "hybrid test" is as follows:
> Where a majority of a corporation's business activity takes place in one state, that state is the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2008 WL 590494 (E.D.Cal.)
(Cite as: Slip Copy)

corporation's principal place of business, even if the corporate headquarters are located in a different state. The "nerve center" test should be used only when no state contains a substantial predominance of the corporation's business activities.

*Industrial Tectonics,* 912 F.2d at 1094.

Plaintiff's assertion that EMPI is a citizen of California is unfounded.[FN5] Plaintiff's FAC only states "EMPI, Inc., is a corporation doing business in the State of California, and doing business in the County of Fresno" and is devoid of facts to determine EMPI's true citizenship. Plaintiff has not provided any additional evidence to determine EMPI's citizenship other than alleging its state of incorporation. In any event, "the burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1265 (9th Cir.1999) (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir.1988)). Here, that party is EMPI.

> FN5. Plaintiff's argument the Zimmerman Declaration lacks foundation, contains inadmissible hearsay, and contains conclusory allegations, rendering the Notice of Removal ineffective lacks merit and is not repeated here.

*12 EMPI has provided clear, convincing, and uncontroverted evidence that it is a citizen of Minnesota. The Zimmerman Declaration, the Supplemental Zimmerman Declaration that contains EMPI's articles of incorporation, and Plaintiff's request for judicial notice of EMPI's registration with the California Secretary of State unquestionably establish EMPI is incorporated under the laws of the State of Minnesota. If EMPI's principal place of business is in California, complete diversity will not exist.

EMPI's principal place of business is in Minnesota. EMPI manufactures and sells medical devices. The Supplemental Zimmerman Declaration, which Plaintiff does not refute, indicates the bulk of EMPI's workforce is based in Minnesota. EMPI employs approximately 988 individuals. EMPI's Minnesota office has 443 employees, or approximately 44.8% of

its workforce. EMPI's South Dakota Manufacturing centers have 149 employees, or approximately 15.1% of its workforce. EMPI's Kentucky office has 83 employees, or approximately 8.4% of its workforce. EMPI's Florida office has 4 employees, or 0.4% of its workforce. The remaining 232 employees sell EMPI products throughout the United States. Of these 232 salespeople, only 14 are based in California, or approximately 6% of its salesforce and 1.4% of EMPI's entire workforce. These numbers establish that a substantial predominance of EMPI's business activities are conducted in Minnesota. EMPI's principal place of business is Minnesota. EMPI's citizenship for diversity jurisdiction purposes is Minnesota.

It is unnecessary to analyze the company's citizenship under the "nerve center" test. Assuming, *arguendo,* no state contained a substantial predominance of EMPI's business activities, EMPI would also be a citizen of Minnesota under the nerve center test. EMPI exercises day-to-day control of its entire business from its corporate headquarters in Minnesota, nearly all of EMPI's executives maintain their offices in Minnesota, EMPI's administrative and financial offices are in Minnesota, and EMPI keeps and maintains its records at its Minnesota headquarters.

b. *Diversity as to Davis.*

Federal district courts are vested with original jurisdiction over matters in controversy between "citizens of different States." 28 U.S.C. § 1332(a)(1). The determination of a litigant's state citizenship for purposes of section 1332(a)(1) is controlled by federal common law, not by the law of any state.*Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir.1983)."To show state citizenship for diversity purposes under federal common law a party must (1) be a citizen of the United States, and (2) be domiciled in the state."*Id.*

Section 1332-the diversity jurisdiction statute- "speaks of citizenship, not of residency."*Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir.2001)."To be a citizen of a state, a natural person must first be a citizen of the United States."*Id* ."The natural person's state citizenship is then determined by her state of domicile, not her state of residence."*Id.* A person's domicile is her permanent

home, where she resides with the intention to remain or to which she intends to return." *Id.* An individual's manifestation of intent to remain in a location is gauged by various objective factors including where the individual resides, is employed, has assets, is registered to vote, seeks medical treatment, has a driver's license, banks, and pays state taxes. *See, e.g., Altimore v. Mount Mercy Coll., 420 F.3d 763 (8th Cir.2005).*

*\*13* EMPI has provided, clear, convincing, and uncontroverted evidence that Davis is a citizen of Missouri. The Notice of Removal states Davis is now, and was at the time Plaintiff commenced this case, a citizen of Missouri because he resides and is domiciled there. Davis used to work for EMPI as its vice president of sales, which required him to travel throughout the United States. Davis Decl. ¶ 2. In November 2006, Davis severed his employment with EMPI.*Id.* However, while Davis was still employed with EMPI, he decided to move to Missouri because it was easier, in terms of work-related travel, to be centrally located. *Id.* at ¶ 3. In May 2006, approximately ten months before Plaintiff filed her Original Complaint, Davis sold his former California residence located at 2914 Sommer Star Road, in Placerville. *Id.* at ¶ 4. In June 2006, Davis moved to Missouri and bought a house located at 78 Harbor View Drive, in Reed Springs, Missouri, where he presently resides. *Id.* Upon moving to Missouri, Davis registered to vote, obtained a Missouri driver's license, and paid Missouri state taxes in April 2007. *Id.* Davis also has family ties to Missouri. *Id.* Davis's mother and father live in Missouri, and his daughter and her family moved to Missouri around the same time Davis moved in June 2006. *Id.* at ¶¶ 3-4.These uncontroverted facts clearly establish Davis has planted his roots in Missouri and intends to remain there.

Plaintiff's argument that Davis is a California citizen is not supported by the record. The only evidence Plaintiff provides to establish Davis's citizenship is the declaration of Jesse Zuniga ("Zuniga Declaration"), a private investigator. The activity report attached to the Zuniga Declaration contains Davis's California driver's license number, which was issued in 1997 and was most recently renewed in May 2006; his social security number; and an address of a piece of real property located at 5101 Newton Road, Placerville, CA. The Zuniga Declaration

indicates Davis owned property located at 5101 Newton Road in Placerville. Plaintiff provides no evidence Davis ever resided at this property, and Davis states in his own declaration that he bought the Newton Road property as an investment in September 2004 and sold it in January 2007, three months before Plaintiff initiated this lawsuit. Plaintiff has not provided any credible evidence indicating Davis is a citizen of California. In fact, Plaintiff's evidence supports EMPI's assertion that Davis is a Missouri citizen. Curiously, the Zuniga Declaration also lists the address of Davis's current residence at 78 Harbor View Drive in Reed Springs, Missouri. Davis is a citizen of Missouri. Complete diversity exists as Plaintiff is California citizen, EMPI is a Minnesota citizen, and Davis is a Missouri citizen.

4. *Amount in Controversy Requirement.*

Plaintiff contends the court lacks subject matter jurisdiction in this case because the FAC does not set forth the amount of damages Plaintiff seeks and EMPI has failed to establish that the jurisdictional amount exceeds $75,000, exclusive of interest and costs. Plaintiff also contends EMPI's counsel's declaration fails to establish the amount in controversy exceeds $75,000 based on the fact that Plaintiff's counsel would not stipulate that Plaintiff's damages were less than $75,000. EMPI argues based on the nature of the allegations in the FAC and the damages sought, Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of costs and interest.

*\*14* Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs...."*28 U.S.C. § 1332(a).* In removal cases, the amount in controversy is determined based on the plaintiff's complaint at the time that the notice of removal is filed. *See Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir.1999)* (stating "the amount in controversy is measured as of the date of removal, a practice similar to that in original jurisdiction suits where the inquiry is directed to the time when the complaint is filed."), abrogated on other ground by *Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005); see also Pullman Co. v. Jenkins, 305 U.S. 534, 537, 59 S.Ct. 347, 83 L.Ed. 334 (1939)* (stating defendant's right to remove "was to be determined

Slip Copy
Slip Copy, 2008 WL 590494 (E.D.Cal.)
(Cite as: Slip Copy)

Page 12

according to the plaintiffs' pleading at the time of the petition for removal."). In removal cases, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."*Gaus v. Miles*, 980 F.2d 564 at 566.

"The 'strong presumption' against removal jurisdiction means that the defendant always bears the burden of establishing that removal is proper."*Id.* The burden of proof is on EMPI, as the removing party, to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, No. 05-16144 at 13580 (9th Cir. October 9, 2007). In cases where the state court complaint is silent or unclear as to the amount of damages sought by the plaintiff, the defendant must prove that the amount in controversy exceeds $75,000. *Gaus*, 980 F.2d at 567. The defendant may prove that the amount in controversy exceeds $75,000 in one of two ways: "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth the *facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.1999) (emphasis in original) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

Plaintiff's FAC seeks an unspecified total amount of special, general, compensatory, and punitive damages, and attorney's fees. The FAC contains six causes of action for violation of California Government Code § 12940, *et seq.* for unlawful employment practices including the prohibition of discrimination, harassment, and retaliation in employment on the basis of sex; sexual battery; termination in violation of public policy; breach of employment contract and wrongful termination; failure to pay wages due and owing; and waiting time penalties.

The prayer for relief seeks damages for loss of wages, earnings, salary, bonuses and other employment benefits; for loss of future wages, earnings, salary, bonuses, and benefits; for interest under California Civil Code § 3291; general damages for emotional and mental distress; general damages for physical personal injury; consequential damages arising out of the violation of Plaintiff's statutory

rights and for termination of Plaintiff; general damages for pain and suffering, including emotional distress; punitive damages; and attorney's fees and costs. Plaintiff's failure to pay wages cause of action permits the award of attorney's fees under California Labor Code sections 218.5 and 1194.

*15 The face of the FAC establishes that Plaintiff is seeking damages in excess of $75,000. Plaintiff alleges EMPI breached its employment contract with her by refusing to pay her approximately $30,000 in earned wages and commissions. FAC ¶ 39. As Plaintiff has put at least $30,000 at issue, it must be determined if the remaining causes of action support damages totaling more than $45,000. Plaintiff has alleged Davis made numerous unwanted sexual advances, lewd and salacious suggestions, and unwanted physical contact, including sexual battery. Davis compelled Plaintiff to engage in sexual relations with him, Davis grabbed Plaintiff's buttocks and breasts, and Davis informed Plaintiff if she engaged in sexual activity with him he would improve the terms and conditions of her employment with EMPI. When Plaintiff refused to engage in sexual activity with Davis, he would verbally abuse her, make unwarranted criticisms of job performance, and would assert his influence over Plaintiff's compensation and continued employment with EMPI. Plaintiff alleges she complained to supervisors, who did nothing to stop the sexual harassment. Plaintiff was terminated on July 6, 2006. Plaintiff also alleges EMPI terminated her for complaing about EMPI's refusal to pay her wages.

Plaintiff levels serious allegations of workplace misconduct against EMPI and Davis. Excluding the $30,000 for wages and commissions due, the face of the FAC more than adequately alleges over $45,000 in damages. Davis is alleged to have mentally, verbally, physically, and sexually harassed Plaintiff, and requested that Plaintiff engage in sexual favors in return for an improvement of the terms and conditions of her employment. Such conduct, if proven, would give rise to compensatory and punitive damages, without considering attorney's fees, in excess of $45,000. These damages, plus the damages of $30,000 for past wages and commissions, exceed $75,000. Additionally, counsel for Plaintiff conceded that the amount in controversy was not at issue at the hearing on Plaintiff's Motion to Remand.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2008 WL 590494 (E.D.Cal.)
(Cite as: Slip Copy)

Plaintiff's Motion to Remand is DENIED.

D. *Plaintiff's Request for Costs and Attorney's Fees.*

EMPI properly removed this case from state court to this court. Plaintiff is not entitled to attorney's fees under 28 U.S.C. § 1447(c).

V. *Conclusion.*

For all the reasons stated above, Plaintiff's Motion to Strike the Zimmerman Declaration is DENIED, and Plaintiff's Motion to Remand to state court is DENIED.

**IT IS SO ORDERED.**

E.D.Cal.,2008.
Piazza v. EMPI, Inc.
Slip Copy, 2008 WL 590494 (E.D.Cal.)

END OF DOCUMENT

LA:210157.1

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

1

## CERTIFICATE OF SERVICE

2

3          I hereby certify that a copy of the **REPLY BRIEF OF RICHARD AND**

4   **MARLENE BARTLETT IN SUPPORT OF MOTION TO REMAND PURSUANT TO 28**

5   **U.S.C. § 1441(b); DECLARATION OF TODD A. DALEY** has been served upon counsel of

6   record on April 9, 2008 as follows:

7   Russell P. Brown, Esq.                        Via:    _____   Mail
    Geroge P. Soares, Esq.                                _____   Hand Delivery
8   Gordon & Rees LLP                                     _____   Facsimile
    101 W. Broadway, Suite 2000                            X     Court's ECF System
9   San Diego, California  92101                          _____   E-Mail
    (619) 696-6700
10  FAX:  (619) 696-7124

11  Attorneys for Defendant
    GREAT LAKES REINSURANCE (UK) PLC

12

13

14

15                                                  _____
                                                              Todd A. Daley

16

17

18

19

20

21

22

23

24

25

26

27

28

HAWKINS, PRATA & DALEY LLP
707 WILSHIRE BOULEVARD, SUITE 1825
LOS ANGELES, CALIFORNIA 90017
(213) 622-5600    FAX: (213) 622-5623

08 CV 0377 JAH CAB