1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  RICHARD BARTLETT and MARLENE     )   Civil No. 08CV0377 JAH(CAB)
    BARTLETT,                         )
11                                    )   **ORDER GRANTING PLAINTIFFS'**
                         Plaintiffs,  )   **MOTION TO REMAND**
12  v.                                )   **[DOC. # 2]**
                                      )
13  DOUGLAS K. SMITH MARINE           )
    INSURANCE SERVICES, INC.; THE     )
14  GREAT LAKE REINSURANCE            )
    COMPANY; and DOES 1 through 30,   )
15                                    )
                         Defendants.  )
16  _____  )

17                          **INTRODUCTION**

18          Now pending before the Court is the motion to remand filed by plaintiffs Richard

19  and Marlene Bartlett ("plaintiffs").  The motion has been fully briefed by the parties.

20  After a careful consideration of the pleadings and relevant exhibits submitted, and for the

21  reasons set forth below, this Court GRANTS plaintiffs' motion and REMANDS this case

22  to the state court for all further proceedings.

23                          **BACKGROUND**

24          This case involves a dispute over an insurance contract for a fiberglass sloop, the S/V

25  Starlet, owned by plaintiffs who reside in Arizona.  The sloop was declared a total loss

26  after a shipwreck during stormy weather off the coast of Honduras.  The sloop was insured

27  under a marine hull policy ("the policy") placed by defendant Douglas K. Smith Marine

28  Insurance Services, Inc. ("Smith Marine"), a California corporation located in San Diego.

1    The policy was issued by defendant The Great Lakes Reinsurance Company (UK) PLC

2    ("Great Lakes"), whose principal place of business is in the United Kingdom.  The instant

3    complaint, filed on November 19, 2007 in the San Diego Superior Court, presents causes

4    of action for negligence, breach of contract, and breach of the implied covenant of good

5    faith and fair dealing.  Great Lakes was served with the summons and complaint on

6    February 11, 2008.

7        On February 28, 2008, Great Lakes removed the complaint to this Court based on

8    diversity grounds.  *See* Doc. # 1 at 1-2.  On March 4, 2008, plaintiffs filed their motion

9    to remand.  Great Lakes filed its opposition to the motion on April 7, 2008 and plaintiffs

10   filed their reply on April 9, 2008.  This Court subsequently took the motion under

11   submission without oral argument.  *See* CivLR 7.1.d.1.

12                                **DISCUSSION**

13       Plaintiffs move to remand this matter back to the state court on the grounds that

14   removal was not proper.  *See* Doc. # 3.

15   **1.    Legal Standard**

16       Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq*.  A state court action

17   can be removed if it could have originally been brought in federal court.  Caterpillar, Inc.

18   v. Williams, 482 U.S. 386, 392 (1987).  Thus, a party invoking the federal removal

19   statutes must establish jurisdiction by demonstrating either: 1) a statutory basis; 2) a

20   federal question; or 3) diversity jurisdiction.  *See* Mir v. Fosburg, 646 F.2d 342, 345 (9th

21   Cir. 1980).  District courts must construe the removal statutes strictly against removal and

22   resolve any uncertainty as to removability in favor of remanding the case to state court.

23   Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

24       The defendant has the burden of establishing that removal is proper and supporting

25   its jurisdictional allegations with competent proof.  Gaus v. Miles, Inc., 980 F.2d 564, 566

26   (9th Cir. 1992) (per curiam); Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709,

27   712 n.3 (9th Cir. 1990).  In addition, the defendant must file a timely notice of removal.

28   28 U.S.C. § 1446(b).  The notice of removal must be filed within 30 days after receipt of

1   a copy of the initial pleading if removability can be determined from its text.  <u>Id</u>.

2        All defendants must join in the notice of removal.  <u>Parrino v. FHP, Inc.</u>, 146 F.3d

3   699, 703 (9th Cir. 1998).  However, only properly served defendants need join.  <u>Emrich</u>

4   <u>v. Touche Ross and Co.</u>, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  When fewer than all

5   defendants join in the removal, the removing party has the burden of explaining

6   affirmatively the absence of any co-defendants in the notice of removal.  <u>Prize Frize, Inc.</u>

7   <u>v. Matrix (U.S.) Inc.</u>, 167 F.3d 1261, 1266 (9th Cir. 1999).

8   **2.    Analysis**

9        Plaintiffs move to remand this case on the grounds that the "local defendant" rule

10  bars removal.  *See* Doc. # 3 at 4.  The local defendant rule, set forth in 28 U.S.C. §

11  1441(b), provides that:

12        Any civil action in which the district courts have original jurisdiction
          founded on a claim arising under the Constitution, treaties or laws of the
13        United States shall be removable without regard to the citizenship or
          residence of the parties.  Any other such action shall be removable only if
14        none of the parties in interest properly joined and served as defendants is a
          citizen of the State in which such action is brought.
15

16  Plaintiff contends that Smith Marine, a local defendant, was served on February 12, 2008,

17  prior to Great Lakes' February 28, 2008 filing of its notice of removal.  <u>Id.</u>  Thus, plaintiff

18  claims Great Lakes' removal was improper pursuant to the local defendant rule and,

19  therefore, seeks remand of this case back to state court.[1]  <u>Id.</u> at 4-5.

20       In opposition, Great Lakes contends that the local defendant rule is inapplicable

21  here because Smith Marine had not been properly served at the time this action was

22  removed since plaintiffs' proof of service indicates Smith Marine was served after the time

23  period for service provided by the state court's local rules.  Doc. # 4 at 4 (citing California

24  Rules of Court, Rule 3.110 and San Diego Superior Court Rule 2.1.5 (both providing that

25  service must be made within sixty (60) days of the filing of the complaint)). Great Lakes

26

27       [1] Plaintiffs also argue that remand is appropriate because Great Lakes failed to explain why it did not
     obtain the consent of all defendants prior to removal. *See* Doc. # 3 at 5.  However, because this Court finds
28   removal improper based on the local defendant rule, this Court does not address plaintiffs' additional
     argument.

thus argues that, because the state court's local rules required service be made upon Smith Marine by January 15, 2008 (60 days after the filing date), the service made on Smith Marine on February 12, 2008 was improper and, therefore, the local defendant rule cannot be applied to bar removal.  Id. at 2, 3-4.

In reply, plaintiffs first point out that "a state court cannot dismiss an action for failure to comply with local 'fast track' rules regarding service of process for a delay of less than two years."  Doc. # 5 at 3 (citing Garcia v. McCutchen, 16 Cal.4th 469, 475-76 (1997); Hawks v. Hawks, 141 Cal.App.4th 1435, 1437 (2006)).  Plaintiffs further contend that rendering service of process invalid or improper based on non-compliance with fast track rules would run afoul of the provisions of California Code of Civil Procedure § 583.210, *et seq.*, which provides a three year window for service of a summons and complaint upon a defendant commencing with the filing date of the complaint.  Id. Plaintiffs note that, in this case, because service on Smith Marine was made within the three year period provided for in Section 583.210, the local defendant rule bars removal regardless of whether service was perfected within the time limits dictated by local fast track rules.  Id. at 5.  Plaintiffs also point out that the filing of the proof of service attesting to the February 12, 2008 service of summons and complaint upon Smith Marine creates a rebuttable presumption that service was proper as long as the proof complies with statutory requirements.  Id. (citing, *inter alia*, Dill v. Berquist Construction Co., 24 Cal.App.4th 1426, 1441-42 (1994)).

This Court's review of the case authority cited by the parties reveals no clear authority for Great Lakes' position.  The cases cited by Great Lakes do not, as suggested by Great Lakes, stand for the proposition that the local defendant rule cannot be applied if it appears service under the state court's local rules might have been untimely.  *See* Doc. # 4 at 3 (citing Piazza v. EMPI, Inc., 2008 WL 590494 *5-6 (E.D.Cal. 2008)(finding the local defendant rule inapplicable where service was made on the wrong corporate entity and on a person not authorized to accept service of process); Tilche v. Van Quathem, 66 Cal.App.4th 1054 (1998)(finding state courts have the power to dismiss a case for failure

1   to comply with local rules)).   Conversely, this Court finds plaintiffs have presented

2   competent authority to support their position that the service effected on Smith Marine

3   comports with general California statutory authority and, in any event, plaintiffs'

4   complaint against Smith Marine cannot be subject to dismissal for failure to comply with

5   the local fast track rules for at least two years. *See* Doc. # 5 at 3 (citing <u>Garcia</u>, 16 Cal.4th

6   at 475-76).  That competent authority, coupled with the rebuttable presumption of valid

7   service due to plaintiffs' filing of proof, *see* <u>Dill</u>, 24 Cal.App.4th at 1441-42, tips the scales

8   in favor of a finding that the local defendant rule applies in this case.  This Court finds

9   Great Lakes' contention that the local defendant rule does not apply where it merely

10  appears service is invalid fails, in that it is insufficient to rebut the presumption of valid

11  service.   This Court, therefore, finds Great Lakes' February 28, 2008 removal of the

12  instant case was improper under the local defendant rule based on the February 12, 2008

13  service of process upon local defendant Smith Marine.   *See* 28 U.S.C. § 1441(b).

14  Accordingly, plaintiffs' motion to remand is GRANTED.

15                          **<u>CONCLUSION AND ORDER</u>**

16          Based on the foregoing, IT IS HEREBY ORDERED that plaintiff's motion to

17  remand [doc. # 2] is **GRANTED** and the Clerk of Court is directed to REMAND this case

18  to the state court for all proceedings.

19

20  Dated:       July 8, 2008

21  _____

22  JOHN A. HOUSTON
    United States District Judge

23

24

25

26

27

28

08cv0377